# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 4, 2012

No. 11-10581
Summary Calendar

Lyle W. Cayce
Clerk

BEVERLY A. JOHNSON,

Plaintiff–Appellant

v.

JP MORGAN CHASE BANK,

Defendant–Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-728

Before SMITH, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Beverly Johnson, proceeding *pro se*, appeals the district court's order granting summary judgment to defendant JP Morgan Chase Bank ("Chase") in this employment discrimination action involving Johnson's termination. Because we find that Johnson failed to make out a prima facie case for discrimination, we AFFIRM the district court's grant of summary judgment to Chase.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10581

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Johnson worked as a Telemarketing Representative in Chase's Business Telephone Banking Center (the "Center").  During the course of her employment, Johnson was involved in several altercations with other employees, eventually resulting in her termination on October 8, 2008.

On September 28, 2007, Johnson engaged in a verbal confrontation with her coworker Janette Rivas, relating to Johnson's discontent with coworkers speaking Spanish in the workplace.  Following an investigation, the Center's human resource representative determined that there was a disruption on the work floor wherein disparaging remarks were made by both Johnson and Rivas.  For this disruption, Johnson and Rivas were placed on corrective action, and each received a written warning.

In February 2008, Johnson reported another coworker, Viola Jimenez, for disparaging remarks about black history month.  Jimenez received corrective action for her comment.  The following month, however, Johnson refused to take part in a mandatory training session because Jimenez was also participating.  While Johnson did eventually attend the training on a later date, her refusal was investigated and determined to have caused disruption and delay.[1]  On April 11, 2008, Johnson and Jimenez got into a verbal altercation.  Resultantly, both Johnson and Jimenez received written warnings and were advised that any further disturbance would result in termination.

On September 9, 2008 Johnson became involved in another loud verbal altercation when duty manager Linda Maldonado told her to return to the phone lines.  Johnson claimed she was on a break and refused.  Following the disruption, Johnson left the premises for the day, and Maldanodo went on leave for an extended period shortly thereafter.  Following this incident, manager

---

[1] Following this incident, the Center manager set up weekly one-on-one meetings between Johnson and management to give her an outlet to voice her concerns.

No. 11-10581

William Stensrud recommended that Johnson be terminated due to continued disruptions on the work floor, a recommendation that was approved by human resources.  Johnson was terminated on October 8, 2008.

Prior to being terminated, on April 8, 2008, Johnson had filed a Charge of Discrimination with the Equal Employment Opportunity Commission.  She also sent out a number of letters to individuals within Chase claiming that her treatment was in retaliation for her reporting what was going on at the Center.  Johnson filed suit against Chase alleging that her termination constituted discrimination on the basis of her race under Title VII (42 U.S.C. § 2000e, *et. seq.*) and 42 U.S.C. § 1981 and other claims.[1]  Following discovery, Chase moved for summary judgment on all claims.  While that motion was pending, Johnson's counsel withdrew.  From that point on Johnson has proceeded *pro se.*  The district court granted Chase's motion for summary judgment.  Johnson timely appealed.

## II.  STANDARDS OF REVIEW

We review a district court's grant of summary judgment de novo, applying the same standards as the district court.  *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 257 (5th Cir. 2009).  Summary judgment is appropriate where the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  *Id.*  In reviewing the record, all facts and inferences are construed in the light most favorable to the non-movant.  *Lewis v. Ascension Parish Sch. Bd.*, 662 F.3d 343, 347 (5th Cir. 2011).  However, "[i]f the record, taken as a whole, could not lead a rational trier of fact to find for

---

[1] Johnson also claimed her termination was in retaliation for complaints made to the EEOC that Chase denied a request for leave she made in violation of the Family and Medical Leave Act and that Chase was negligent in supervising and retaining her coworkers under Texas law.  Johnson, however, fails to press any of these claims on appeal.  They are therefore waived.  *United States v. Pompa*, 434 F.3d 800, 806 n.4 (5th Cir. 2005); Fed. R. App. P. 28(a)(9)(A).

No. 11-10581

the non-moving party, then there is no genuine issue for trial." *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 439 (5th Cir. 2011). As such, where the plaintiff would have the burden of proof at trial, defendant can obtain summary judgment by merely pointing out the absence of evidence in support of plaintiff's claims. *Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 188 (5th Cir. 2007). Under these circumstances, plaintiffs must go beyond their pleadings to show specific facts that constitute genuine issues for trial. *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006).

### III. DISCUSSION

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). Additionally, section 1981 affords all persons within the United States the "same right . . . to make and enforce contracts" without respect to race. *Id.* § 1981. Johnson has alleged that Chase terminated her on the basis of her race. In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the Supreme Court first established a framework for adjudicating Title VII discrimination claims where, as here, the plaintiff lacks direct evidence. This is the same standard used to analyze claims of disparate impact discrimination brought under § 1981. *Payne v. Travenol Labs.*, 673 F.2d 798, 818 (5th Cir. 1982); *compare Lee*, 574 F.3d at 259 (setting out the elements of a prima facie case under Title VII) *with Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004) (setting out the elements of a prima facie case under § 1981).

Under this framework, the plaintiff must establish a prima facie case of discrimination by demonstrating that

> (1) he is a member of a protected class, (2) he was
> qualified for the position at issue, (3) he was the subject

4

of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.

*Lee,* 574 F.3d at 259. In establishing the similarly situated element, a plaintiff must identify an employee under "nearly identical" circumstances who did not have adverse employment action taken against him. *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001). If she does so, the defendant must then produce a neutral, non-discriminatory reason for the adverse employment action. *Lee,* 574 F.3d at 259 (footnotes omitted). If the defendant provides such a reason, the burden shifts back to the plaintiff to show that the defendant's reason is merely a pretext for discrimination. *Id.* To prove pretext, the plaintiff must rebut the non-discriminatory reason with "substantial evidence." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

Chase claims that Johnson has failed to make a prima facie case for racial discrimination because she did not identify a comparator sufficiently similar to satisfy the fourth prong of a prima facie case for racial discrimination. *See Lee*, 574 F.3d at 262 (requiring the plaintiff to identify a comparator in making a prima facie case of racial discrimination). Johnson contends that Rivas and Jimenez are examples of such comparators. However, the record shows that, while Rivas and Jimenez may be similarly situated, they were treated the same as Johnson in their respective confrontations, both receiving written warnings. Following the altercation with Jimenez, both Johnson *and* Jimenez were advised that further disturbance would result in termination. *See Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005) (requiring that the plaintiff be treated differently from other similarly situated employees to make a prima facie case for racial discrimination). Additionally, the coworker involved in the final altercation, Maldonado, was not a comparator because she and Johnson did not

No. 11-10581

have the same level of prior discipline.[2]  *See Okoye,* 245 F.3d AT 514 (5th Cir. 2001) (distinguishing offered comparators on the basis of a dissimilar violation history).  Under this fact scenario, we agree with the district court's holding that Johnson has not made a prima facie case for racial discrimination.

### IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order granting Chase's motion for summary judgment.

---

[2] Johnson had received two prior warnings and had been cautioned that further disturbance would result in termination.  Maldonado had no comparable history.

6